UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUE BLANKS, #322404,

    Petitioner,

                        Case No. 2:08-cv-12800
                        Honorable Stephen J. Murphy, III
                        Magistrate Judge Paul J. Komives

v.

KENNETH ROMANOWSKI,

    Respondent.

_____/

**OPINION & ORDER DENYING PETITIONER'S
MOTIONS FOR APPOINTMENT OF COUNSEL
(docket no. 3) AND FOR AN EVIDENTIARY HEARING (docket no. 4)**

    This matter is presently before the Court on Petitioner's motions for appointment of counsel and for an evidentiary hearing.  Petitioner was convicted of first-degree premeditated murder, Mich. Comp. Laws §750.316(a); felon in possession of a firearm, Mich. Comp. Laws §750.224f; and felony firearm, Mich. Comp. Laws §750.227b.  He was sentenced to life imprisonment for the murder conviction, two to five years for the felon in possession offense and a consecutive two year sentence term for the felony firearm conviction, and is presently confined at the Mound Correctional Facility in Detroit, Michigan. On July 1, 2008, Petitioner filed an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

I.  Motion for Appointment of Counsel

    Petitioner's basis for requesting appointment of counsel is two-fold: (1) he is

indigent; and (2) he lacks legal training and proper access to legal resources.

Habeas petitioners have no constitutional right to a court-appointed attorney. *See generally Murray v. Giarratano*, 492 U.S. 1 (1989). The appointment of counsel "is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *see also Childs v. Pellegrin* 822 F.2d 1382, 1384 (6th Cir. 1987). ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court.  It is a privilege and not a right.") (quotation marks and citation omitted)).

In the present case, the Court is not persuaded that Petitioner's claims likely would succeed even if counsel were appointed.  As an initial matter, it appears that the statute of limitations may bar the Court's review of the habeas petition.  Addressing Petitioner's substantive issues, his claims involving the admission of evidence, juror bias, alibi witness testimony, and his post-conviction motion appear to either be uncognizable on habeas review or subject to procedural default.  Petitioner's claims of prosecutorial misconduct do not appear to meet the standard of  conduct so egregious as to render the entire trial fundamentally unfair.  *Donnelly v. DeChristoforo,* 416 U.S. 637, 643-45 (1974); *Caldwell v. Russell,* 181 F.3d 731, 736 (6th Cir. 1999).  Finally, regarding Petitioner's claims of ineffectiveness of trial and appellate counsel, it seems unlikely that Petitioner will be able to meet the *Strickland v. Washington,* 466 U.S. 668 (1984), standard which requires him to show that his attorneys' representation fell below an objective standard of reasonableness. Given the apparent tenuousness of Petitioner's claims, the appointment of counsel is not warranted at this time.

II.  Motion for Evidentiary Hearing

Petitioner requests that an evidentiary hearing be held in order to further develop the record for evidence of ineffective assistance of counsel.  In addressing whether an evidentiary hearing is appropriate in a habeas corpus case, a court must consider two separate issues: (1) whether evidentiary hearing is necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. §2254; and (2) whether a hearing is permitted under 28 U.S.C. § 2254(e)(2).

Taking the second issue first, the Court finds that § 2254(e)(2) does not permit an evidentiary hearing in this case.  Under §2254(e)(2),

> [i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on a claim unless the applicant shows that--
>
> (A) the claim relies on
>
> (i) a new rule of constitutional law, made retroactive to case on collateral review  by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

According to the United States Supreme Court, Congress' use of the phrase "'failed to develop' implies some lack of diligence . . ." *Williams v. Taylor*, 529 U.S. 420, 430 (2000). "Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court . . ."

3

*Id.* at 435.

In the present case, Petitioner does not appear to have been diligent in seeking an evidentiary hearing in state court relative to his ineffective assistance of counsel claims. It seems that the issue was not raised until Petitioner filed his motion for relief from judgment, and even then, the record does not indicate that an evidentiary hearing was requested. Therefore, Petitioner did not exercise diligence in pursuing an evidentiary hearing on this issue.

Even if an evidentiary hearing was deemed permissible due to diligence by the Petitioner in developing the factual record, such a hearing would still be unnecessary in this case. In determining whether an evidentiary hearing is necessary under Rule 8 of the Rules Governing §2254 Cases in United States District Courts, "courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the Petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000). As the United States Supreme Court recently explained,

> [i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate. It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

*Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007) (citations and footnote omitted). According to the Sixth Circuit, when "there are factual issues in dispute and an insufficient record upon which to resolve the legitimate claims advanced by the petitioner," an

4

evidentiary hearing must be allowed. *Alcorn v. Smith*, 781 F.2d 58, 60 (6th Cir. 1986). "Without a hearing, there would never be an opportunity for a habeas petitioner to meet the Supreme Court's cause and prejudice requirement." *Id.*

However, in the present case it appears that the record contains sufficient Rule 5 materials from which the Court can properly adjudicate Petitioner's habeas claims. Accordingly, an evidentiary hearing is not warranted on this issue.

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's motions for appointment of counsel and for an evidentiary hearing are **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

                                     s/Stephen J. Murphy, III
                                     STEPHEN J. MURPHY, III
                                     United States District Judge

Dated: March 30, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2009, by electronic and/or ordinary mail.

                                     s/Alissa Greer
                                     Case Manager