UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUE BLANKS, # 322404,

    Petitioner,

Case No. 08-cv-12800

HONORABLE STEPHEN J. MURPHY, III

v.

KENNETH ROMANOWSKI,

    Respondent.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION** (docket no. 17)**, GRANTING MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS** (docket no. 18)**, OVERRULING OBJECTIONS, AND DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

    This is a habeas case. A state jury found pro se petitioner Marque Blanks guilty of first degree premeditated murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. He was sentenced to life in prison without the possibility of parole. Blanks raises eight issues in his petition. Respondent contends that the petition is time-barred and that many of the claims are procedurally defaulted. The Court referred the matter to Magistrate Judge Paul J. Komives for all pretrial proceedings.

    The matter returns to the Court on the Report and Recommendation of Judge Komives. In his report, Judge Komives recommends that the Court deny the petition on the merits, rather than take up the limitations and procedural default defenses. He also recommends that the Court deny a certificate of appealability on any issue raised in the petition. Blanks filed objections to the report.[1]

---

[1] During the 14-day period for objecting to the report and recommendation, Blanks filed a motion seeking an extension of time to file his objections. The Court grants his motion and accepts his objections as timely filed.

A district court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. With respect to portions of a report that no party objects to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, the Federal Rules of Civil Procedure provide that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Overly broad objections, however, do not satisfy the objection requirement. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* Objections that merely dispute the correctness of the magistrate judge's recommended outcome but fail to specify the findings believed to be erroneous are too general to invoke the statutorily mandated de novo review. *Id.*

Blanks filed specific objections, so the Court reviews de novo the report and the record. After such review, the Court concludes that the analysis in the report and recommendation is correct. The Court agrees that Blanks has not demonstrated an entitlement to habeas relief on any of the claims he asserts in the petition. Blanks's objections do not persuade the Court otherwise. The Court also agrees that Blanks is not entitled to a certificate of appealability on any issue raised in the petition because the resolution of his claims is not debatable.

The Court overrules Blanks's objections, and adopts the analysis in the report as the Court's own.

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's motion for an extension of time to file objections (docket no. 18) is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's objections are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (docket no. 17) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of appealability on any issue.

**SO ORDERED.**

    s/Stephen J. Murphy, III
    STEPHEN J. MURPHY, III
    United States District Judge

Dated: November 29, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 29, 2010, by electronic and/or ordinary mail.

    Alissa Greer
    Case Manager